COMMERCIAL STATE BANK v. B. L. ROWLAND.

[FILED MARCH 3, 1891.]

1. Banks: COLLECTIONS: SET-OFF. The plaintiff in error received for collection a negotiable promissory note, unindorsed, with instructions to remit the proceeds, when collected, to the payee. Before the money was collected the bank voluntarily, and without the knowledge or consent of the payee, paid to a third party a note given by a partnership of which the payee was a member. Subsequently, but before the note was collected, the bank was notified that the note had been sold to the defendant in

error. In an action against the bank to recover the money collected by it, *held*, that the bank was not entitled to set off the amount of the firm note against the money collected.

2. **Instructions** must be based upon the evidence.

ERROR to the district court for Phelps county. Tried below before GASLIN, J.

*S. A. Dravo*, and *Stewart & Rose*, for plaintiff in error, cited: 2 Morse, Banking [3d Ed.], 911, 931; *Vickrey v. Sav. Ass'n*, 21 Fed. Rep., 773; *Carroll v. Bank*, 30 W. Va., 518; *Saloy v. Bank*, 39 La. Ann., 90; *Cody v. Bank*, 55 Mich., 379; *Janes v. Milliken*, 41 Pa. St., 328; 1 Daniels, Neg. Inst. [3d Ed.], sec. 340; *Wood v. Bank*, 129 Mass., 358; 2 Parsons, Cont. [7th Ed.], 743; *Seligman v. Clothing Co.*, 69 Wis., 410; Bliss, Code Pl., sec. 383; *Wagner v. Stocking*, 22 O. St., 297; *Thrall v. Hotel Co.*, 5 Neb., 295; *Ferguson v. Milliken*, 42 Mich., 441; *Shipman v. Lansing*, 25 Hun [N. Y.], 290; *Phœnix Bank v. Risley*, 111 U. S., 125; Wait, Fraud. Conv., sec. 280; *Brown v. Herr*, 21 Neb., 125; *Hartman v. Diller*, 62 Pa. St., 37; *Confer v. McNeal*, 74 Id., 115.

*Hall & Patrick*, contra, cited: *Dobbins v. Oberman*, 22 N. W. Rep., 357; *Johnson v. Way*, 27 O. St., 374; *Lawrence v. Bank*, 6 Conn., 521; 1 Morse, Banking, 326; *Falkland v. Bank*, 84 N. Y., 150.

NORVAL, J.

This suit was brought by the plaintiff in error to recover the sum of $711.24, collected by the bank on a promissory note which it received for collection. Two defenses were interposed: First, that the plaintiff was not the owner of the note; Second, that it belonged to A. C. Rowland, a brother of the plaintiff; was sent by him to the bank to collect, and that, on the faith of the apparent ownership of A. C. Rowland, the bank paid out money on

his behalf and became his creditor to the amount of $661.24. The cause was tried to a jury, resulting in a verdict for the plaintiff for the full amount claimed.

On the 1st day of March, 1884, August Jonte made his promissory note for the sum of $662.29, drawing ten per cent interest, payable to the order of A. C. Rowland, due October 1, 1884. The note was placed by the payee, without indorsement, in the hands of one Grousclaude, of Wymore, with instructions to forward it to some bank at Holdrege for collection. Grousclaude sent the note on October 6, 1884, to the plaintiff in error with instructions to collect the same and remit the proceeds to A. C. Rowland at Versailles, Illinois. The bank made the collection on December 6. Prior thereto it paid $661.24 to lift a note owned by the Winchester & Partridge Co., signed by Hy- · mer & Rowland, a partnership of which A. C. Rowland was a member. The balance of the money collected by the bank, less collection fees, was remitted to A. C. Rowland, who immediately returned the same to the plaintiff in error, with the statement that he had sold the note some time previous to his brother, the defendant in error.

It appears from the testimony of Blendon L. Rowland, A. C. Rowland, and Thomas J. Rowland that the defendant in error on the 25th day of September, 1884, was engaged in the hardware business at Versailles, Illinois, and on that date he sold a half interest in the business to A. C. Rowland, and accepted the note of August Jonte in part payment for the same. The note being in the hands of Grousclaude it was never indorsed.

Testimony was also introduced by the plaintiff tending to show that he authorized his brother, A. C. Rowland, to request Grousclaude, who held the note, to send to some bank in Holdrege for collection, and that before the same was collected the plaintiff personally informed the defendant that he was the owner of the note and demanded the possession thereof, which request was not complied with.

On November 10 A. C. Rowland wrote the bank to urge prompt payment of the note. The writer of the letter testified that in so doing he acted as the agent of the plaintiff, and at his request.

Frank Parsons, a witness called by the defendant, testified to the contents of a letter (the original being destroyed) which he received from A. C. Rowland in the fall of 1884. The letter stated, in substance, that the writer owned the note held by the bank and requested Parsons to get it. Rowland denies sending any such letter. The witness Parsons further testified that the plaintiff stated to him when in Holdrege in November, 1884, that his brother owned the note in defendant's bank, and as his brother and Hymer had failed or were about to fail in business he 'wanted to get the note and save that much for him. Plaintiff denied under oath having any such conversation.

That the testimony before the jury would have supported a finding that A. C. Rowland never parted with title to the note we do not doubt. There is likewise sufficient testimony in the record, as it seems to us, to sustain the plaintff's claim of ownership. The conflict in the testimony upon that issue was settled in favor of the defendant in error by the verdict of the jury.

The defendant was not entitled to offset against the plaintiff's claim for the proceeds of the note in controversy the amount paid by the bank to take up the note of Hymer & Rowland. While it is true the note was payable to A. C. Rowland, and was received by the bank unindorsed, the defendant had notice that the plaintiff claimed to own the note in question before it was collected. The fact the payee transmitted the note to the bank for collection conferred no authority upon it to pay the note given by the firm of Hymer & Rowland, of which he was a member. While as a general rule a bank has a lien on all moneys of a depositor in its possession, and on commercial paper belonging to him which he has placed in the bank for col-

lection, for his indebtedness to the bank, it cannot apply the funds of a customer to the payment of a debt due it by a partnership, in which the depositor is a partner.

The author of Morse on Banks and Banking, in vol. 1, sec. 326, states the rule thus : "The lien and the right to set-off only exist where the individual, who is both depositor and debtor, stands in both these characters * * * on precisely the same footing towards the bank. That is to say, for instance, the bank can claim no lien on the deposit of a partner, made on his own separate account, in order to set-off the same against a debt owing them from the firm."

Considering the case at bar upon the theory that the bank purchased and owned the note given by Hymer & Rowland, there can be no doubt, both upon principle and authority, that it could not apply, in payment of the same, the avails of the note collected by it.   Much less could the bank lawfully take up this firm note owned by a third party without instructions to do so and set off the amount thus paid against the money collected by it.   The partnership note was not made payable at the defendant bank, but was drawn payable at the Nebraska Merchants' Bank of Holdrege.   Had the note paid by the defendant been the individual note of A. C. Rowland, the bank would be without authority to pay it.   A banker has no right to use the money of a depositor to discharge a note not payable at the bank where the deposit is made, without instructions from the customer to do so.

The payment of the firm note by the defendant was entirely voluntary and at its own risk, and did not make the bank the creditor of A. C. Rowland.   Had the money been paid out by his directions on the faith of his apparent ownership of the note sent for collection, without notice of who was the true owner, the bank might perhaps have been protected.   We have been unable to find an authority which sustains the claim of the bank to a set-off in this case None of the cases cited in the brief of plaintiff in error up

hold such a doctrine. . The case relied upon by the bank as being most nearly in point is *Wood v. Boyleston National Bank,* 129 Mass., 358. The plaintiff being the owner of a negotiable note, indorsed in blank, placed it in the hands of one Jackson, an attorney, for collection. Afterwards the attorney gave it to the defendant in the case to collect. It collected the money and applied the same in part payment of the debt of Jackson to the bank. Woods, as soon as he learned that the bank had collected the note, demanded the money from the bank and brought suit to recover the same. The court held that the defend- ant was not liable. The distinguishing features of the two cases are marked. In that case the money collected was applied upon the indebtedness to the bank of the person who "deposited the note for collection," before the bank had knowledge that Wood was the owner. In the case at bar the bank paid the money to a third party, not on the individual indebtedness of the one from whom the note was received, but of the firm of which he was a partner. Here the bank had knowledge who was the real owner of the note before it was collected, and had written instruc- tions to remit the money to A. C. Rowland. It is not deemed necessary to refer to the other cases cited by the plaintiff in error.

In our view the only question in the case is, Who was the legal owner of the note? It is claimed that this issue was not submitted under proper instructions. The court charged the jury as follows:

"1. If you find said plaintiff is, or, in other words, was owner of the note in question at the time the money was collected, then you will find for the plaintiff, bearing in mind that it devolves upon this plaintiff, by a fair pre- ponderance of the evidence, to make out his case.

"2. If you find the note in question was the property of A. C. Rowland, you will find for the defendant."

The court, at the request of the plaintiff, gave this in- struction:

In re Breckenridge.

"If you find from the evidence that A. C. Rowland wrote to the defendant instructing it to transmit to the plaintiff the proceeds of said note when collected, and further find that A. C. Rowland had previously sold said note to plaintiff, the court instructs you that it was sufficient delivery of said note, and no other delivery or indorsement was necessary to completely pass the title thereto, and you must find for the plaintiff."

The instructions given by the court on its own motion were pertinent and proper. That given at the request of the plaintiff was clearly erroneous. It was not based upon the testimony. There was no testimony before the jury that A. C. Rowland wrote to the bank to remit the proceeds of the note when collected, to the plaintiff. The instruction had a tendency to mislead. For this error the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

THE other judges concur.