## JOHN F. WOOD *vs.* BOYLSTON NATIONAL BANK.

Suffolk.  March 11. — Sept. 10, 1880.  ENDICOTT & SOULE, JJ., absent.

The owner of a negotiable promissory note, indorsed in blank by the payee, handed it to an attorney at law for collection. The attorney deposited it in a bank for collection, without stating for whose account. The bank collected it, credited the attorney with it, and applied the amount standing to his credit in part payment of the debt of the attorney to the bank. The attorney was subsequently adjudged a bankrupt, and the bank made a settlement with his assignees, in which the amount of the note was included. The owner of the note, a year after the settlement, but as soon as he knew that the bank had collected the note, made a demand upon the bank for the proceeds of the note. *Held,* that he could not maintain an action therefor against the bank.

CONTRACT for money had and received, to recover the amount collected upon a promissory note, dated August 7, 1874, signed by F. Guss, payable in nine months after date to the order of A. B. Savage & Co., and by them indorsed. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, upon agreed facts, which appear in the opinion.

*F. W. Griffin,* for the plaintiff.

*H. G. Allen,* (*N. Morse* with him,) for the defendant.

Colt, J. The plaintiff was the owner of the note, the avails of which he seeks to recover in this action. It was a negotiable note, indorsed in blank by the payee. Before it fell due, the plaintiff delivered it to Abraham Jackson, an attorney at law, for collection, and he deposited it, without his own indorsement, in the defendant bank, where he kept an account, for collection. At the time the note was left with the bank, and at the time of its maturity and payment, Jackson was owing the bank, for advances and otherwise, more than the amount of the note. Nothing was said when it was deposited, or before its payment, as to Jackson's title or relation to the note, and no advance of money was made to him on account thereof.

The bank credited Jackson's account with the amount of it when paid, on May 12, 1875, and applied the balance of his account to the payment of his debts to the bank. He was afterwards, on June 4, 1875, adjudicated a bankrupt; and the bank, on September 30, 1876, made a settlement with his assignees, crediting the amount of this note, and receiving but a part of the whole claim. The plaintiff, on September 20, 1877, as soon as he knew that the bank had received the proceeds of the note, made a demand upon the bank for the amount collected.

It is contended that there is nothing, on these facts, which shows that Jackson actually pledged, or intended to pledge, this note as security for his debt to the bank, or do more than give it to the bank to collect as agent for the plaintiff. But the effect of the transaction, as between Jackson and the bank, is to be determined by the application of well-settled legal principles. Jackson was the ostensible owner of the note. He delivered it to the bank in the usual course of business, with no notice expressed, or to be implied from the circumstances, that it was sent for collection only, or that any one else had any interest in it. No instructions as to the application of the proceeds were given. He knew that, in the regular course of business, it would be credited to his general account, to be availed of in that way as security to the bank. It has long been settled that a banker who has advanced money to another has a general lien on all securities of the latter which are in his hands, for the amount of his general balance, unless such securities were delivered to him

under a particular agreement limiting their application. *Bank of Metropolis* v. *New England Bank*, 1 How. 234, and 6 How. 212. *Sweeny* v. *Easter*, 1 Wall. 166. *Barnett* v. *Brandão*, 6 Man. & Gr. 630, and 3 C. B. 519. One who takes a negotiable promissory note before maturity, as security for a preëxisting debt, is by the law of this State a holder for value. *Culver* v. *Benedict*, 13 Gray, 7. Such being the law, the bank received the note, undertook its collection and applied the proceeds; and the unknown owner of it, who gave it to Jackson with all the appearance of title in him, cannot be permitted to defeat the right of the bank, who, long before it had knowledge of the claim, had applied the same to the payment of Jackson's debt, and settled with his assignees in bankruptcy. See *Locke* v. *Lewis*, 124 Mass. 1, and cases cited.

The case of *Lawrence* v. *Stonington Bank*, 6 Conn. 521, decided in 1827, and other cases of the same class, are plainly distinguishable from the one at bar. That was an action for the proceeds of a draft which had passed through a number of banks for collection merely; when received by the Stonington Bank, it was accompanied by a letter from the Eagle Bank, stating that it was for collection. The Stonington Bank knew of the failure of the Eagle Bank before the draft was paid. It gave no credit for or on account of it, and made no settlement with the Eagle Bank prior to actual notice of the plaintiff's title to the draft, and suffered no prejudice. In all cases of that class, we believe it will be found, on examination, that the bank had notice actual or constructive of the other party's claim, or had suffered no loss by reason of the delay in making known the claim.

*Judgment for the defendant.*