## PIERRE GOUIN *vs.* WAMPANOAG MILLS.

Bristol.    October 24, 1898. — November 23, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Personal Injuries — Employers' Liability Act — Negligence.*

At the trial of an action for personal injuries under the employers' liability act, St. 1887, c. 270, it appeared that the plaintiff and one P. were engaged in a room about sixty feet long and forty feet wide in the defendant's cotton house in moving cotton out towards the door, P. being on the top of a pile of cotton bales and the plaintiff being on the floor near the bottom of the pile; that the space was about half filled with cotton; that the work was simple, both being familiar with it; and that while the plaintiff was rolling a bale with his back towards P., another bale which was thrown down by P. struck him and broke his leg. The plaintiff sought to hold the defendant, on the ground that its superintendent, who was eating his breakfast not far from the pile when the accident happened, had told P. a short time before to "throw down cotton"; but the plaintiff testified differently in different parts of his testimony as to whether the order to throw down cotton was given when the superintendent first ordered them to do this work, or later just before the bale came down. *Held,* that there was no evidence of any order of the superintendent that was more than a command or request to hurry on the work in a proper way, or which made the superintendent or his employer responsible for P.'s negligence in throwing down the bale upon the plaintiff.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ.  The declaration was under the employers' liability act, St. 1887, c. 270.  Trial in the Superior Court, before *Hammond, J.*, who, at the close of the plaintiff's evidence and at the defendant's request, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

. *J. W. Cummings & C. R. Cummings,* for the plaintiff.

*J. F. Jackson & R. P. Borden,* for the defendant.

KNOWLTON, J.  The plaintiff and a man called Pat were engaged in moving cotton in the defendant's cotton house.  Pat was on the top of a pile of cotton bales in a room about sixty feet long and forty feet wide, and the plaintiff was on the floor near the bottom of the pile; they were moving the cotton out towards the door.  The space was about half filled with cotton.  The work was simple, both of the men were familiar with it,

and neither of them could be supposed by the defendant to need instructions in regard to it. As the plaintiff was rolling a bale of cotton with his back towards Pat, another bale, which was thrown down by Pat, struck him and broke his leg.

The only ground on which the plaintiff seeks to hold the defendant is that its superintendent, Robinson, who was eating his breakfast not far away from the pile when the accident happened, had told Pat a short time before to " throw down cotton." The plaintiff testified differently in different parts of his testimony as to whether the order to throw down cotton was given when Robinson first ordered them to do this work, or later just before the bale came down. However that may have been, the order can only be interpreted as directing Pat to throw down cotton in a proper way, and in a proper place, and not as telling him to throw it down upon the plaintiff when he was standing underneath. It cannot properly be interpreted as a direction to throw down a particular bale in a particular way, without regard to the plaintiff's safety.

The burden being upon the plaintiff, we do not find that there was evidence of any order of the superintendent that was more than a command or request to hurry on the work in a proper way, or which made the superintendent or his employer responsible for Pat's negligence in throwing down the bale upon the plaintiff.                         *Exceptions overruled.*