EUSEBE DESAUTELS *vs.* FELIX J. CLOUTIER & another.

Hampden.   September 26, 1905. — October 19, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, Employer's liability.

The proprietor of an ice house is not liable to one of his workmen for an injury to his foot caused by its being struck by an ice pick negligently thrown over a partition of the ice house by a fellow workman without giving sufficient warning when ordered by the proprietor to throw it over.

If the proprietor of an ice house orders one of his workmen to throw an ice pick over a partition of the ice house when other men are working on the other side of the partition, and if one of these men is injured by being struck by the pick which is thrown over by the fellow workman negligently without giving sufficient warning, this is not evidence of negligence on the part of the proprietor, as his order can be interpreted only as one to throw over the pick in a proper way and in a proper place.

LATHROP, J. This is an action of tort at common law for personal injuries received by the plaintiff while in the employ of the defendants. At the trial in the Superior Court, at the close of the plaintiff's evidence, the judge ruled that the action could not be maintained, and directed a verdict for the defendants. The case is before us on the plaintiff's exceptions.

The defendants were the proprietors of an ice business, and had an ice house divided by partitions into compartments or rooms, each about fifty by seventy-five feet in extent. The partitions, according to the plaintiff's testimony, were about twenty-seven feet in height, and extended to within five feet of the roof. At the time of the accident the plaintiff was working with others in room 2, and was injured by being struck in the foot by an ice pick, which was thrown over the partition from room 1, by a fellow-servant named McFadden. The surface of the ice in both rooms was at the time within about twelve feet of the top of the partition, and there was a ladder to each opening in the building, which was used by the workmen as the surface of the ice was raised.

McFadden testified that as he was going up the ladder leading to room 1, and when he was five feet from the ground, one of the defendants "told him to take the pick and throw it over in the other room"; that he "took the pick and got on top of the ice, and threw the pick, and called out to the men below to look out"; that "he hollered 'look out' before he threw the pick over and then threw the pick." He was then asked: "How long after you hollered 'look out below' that you threw the pick?" He answered: "When I threw the pick I hollered."

This evidence indicates very strongly that the warning and the act of throwing were separated by only a slight interval of time, if they were not simultaneous. This too is shown by the testimony of the plaintiff, who testified through an interpreter. He was asked "How long was it after you heard somebody call out to look out was it before you got hurt?" The answer was: "He only had time to get his head up." The plaintiff had previously testified that at the time he was hurt he had just put a cake of ice in its place; that he was stooping down, and, as he straightened up, the pick fell on his foot.

There can be no doubt that the evidence shows an act of negli-

gence on the part of McFadden in not ascertaining where the men were who were working in the room, and in throwing the pick over immediately after once shouting "look out"; but as McFadden was a fellow servant of the plaintiff, the defendant cannot be held liable for McFadden's act.  It is sought therefore to hold the defendants on the ground that the order given was an act of negligence, and that McFadden should have been warned of the danger of throwing the pick over without giving adequate notice.   But this McFadden knew as well as any one.   The order can be interpreted only as an order to throw over the pick in a proper way and in a proper place, and not as telling him to throw it over regardless of the safety of those in the other room. This view of the meaning of an order was taken in a somewhat similar case.   *Gouin* v. *Wampanoag Mills*, 172 Mass. 222.   See also *Gorman* v. *Woodbury*, 173 Mass. 180.

*Exceptions overruled.*

*T. B. O'Donnell*, for the plaintiff.
*W. Hamilton*, for the defendants.