BOSTON-CONTINENTAL NATIONAL BANK *vs.* HUB FRUIT CO.

Suffolk. February 13, 1933. — February 12, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Bills and Notes,* Holder in due course; Check: deposited for collection. *Bank and Banking.*

While, in the absence of any express or implied agreement to the contrary, a bank, upon receiving from its customer as a deposit the check of a third person, may, by giving credit therefor to the customer and permitting the credit to be drawn upon, become the absolute owner of the check, nevertheless, where by agreement between the bank and its customer checks thus deposited are entered in the account of the customer subject to payment and are not finally credited to his account until collected, and the customer may not as of right draw against them until they are collected, the bank acts only as an agent of the customer and the relation of debtor and creditor does not arise until the check has been collected.

A finding by a judge of a municipal court, in an action by a bank against the drawer of such a check, that the plaintiff gave no value for an indorsement of the check to it by the payee, its customer, and a consequent ruling that the plaintiff was not a holder in due course but was subject to defences which the defendant had against the payee, were warranted by evidence showing that the payee indorsed the check "for deposit only to" his credit; that he deposited it with a slip, furnished by the plaintiff, bearing the printed statement: "Depositors are Hereby Notified that Credits Entered in Their Accounts are Conditional and Not Final Until Items Deposited Have Been Collected"; and that the plaintiff, upon being notified by the drawee bank that payment had been stopped on the check, notified its customer: "We charge your account and return [the check] for reason marked," the reason being "Payment stopped."

CONTRACT. Writ in the Municipal Court of the City of Boston, dated July 14, 1931.

In the Municipal Court, the action was heard by *Carr,* J. Material facts are stated in the opinion. There was a finding for the defendant. The action was reported to

the Appellate Division, and the report was ordered dismissed. The plaintiff appealed.

*M. F. Hall*, (*D. J. Hurley* with him,) for the plaintiff.

*J. H. Blanchard*, (*M. Hirsh* with him,) for the defendant.

DONAHUE, J. The plaintiff bank seeks to recover as a holder for value of a check for $830 dated July 13, 1931, drawn by the defendant on the Atlantic National Bank and payable to the order of McReavey & Company who indorsed the check "For deposit only to the credit of McReavey & Co." and on the day of its date delivered it to the plaintiff bank where that company had a checking account. With the check was delivered a deposit slip furnished by the plaintiff which listed this check and several others deposited at the same time. The deposit slip bore the printed statement: "Depositors are Hereby Notified that Credits Entered in Their Accounts are Conditional and Not Final Until Items Deposited Have Been Collected." On the same day the defendant ordered the drawee, the Atlantic National Bank, to stop payment on the check. On the following day the drawee bank returned to the plaintiff the check, with a slip marked "Payment stopped," and the plaintiff notified McReavey & Co., Inc. "We charge your account and return for reason marked," the reason being "Payment stopped." The check for $830 here in question was given by the defendant to McReavey & Co., Inc. in exchange for two checks of that company also dated July 13, 1931, and aggregating $830. One of these checks which was for $50 was paid by the drawee, another bank. The other check which was for $780 and drawn on the plaintiff bank was not paid by it for the stated reason "Not sufficient funds." The trial judge in the Municipal Court of the City of Boston found for the defendant, refused to give certain rulings requested by the plaintiff and reported his action thereon to the Appellate Division where the report was dismissed. The plaintiff appealed to this court.

The plaintiff's declaration alleges that its depositor, the payee named in the check, "before delivery of said check to the plaintiff, for a valuable consideration, endorsed said

check to the plaintiff." It has here brought suit not as agent of the payee, so that any defences as between payee and maker would here be open, but as absolute owner of the instrument. The trial judge found that the plaintiff gave no value for the check. He refused to give the plaintiff's third request: "On all the evidence, the plaintiff is a holder in due course of the check sued on." Among the conditions which must exist in order that one be a holder in due course of a negotiable instrument is that the instrument was taken "for value." G. L. (Ter. Ed.) c. 107, § 75. On the evidence it could not be found that the other conditions necessary to make the plaintiff a holder in due course were here missing. The report recites that it contains all the evidence material to the questions presented. We treat the third request of the plaintiff as presenting the question whether on the record there was warrant for the finding by the judge that the plaintiff gave no value for the check. (*Reid* v. *Doherty,* 273 Mass. 388.) What is hereinafter said makes it unnecessary to refer in detail to the other rulings of the judge.

After the check here in question was deposited with the plaintiff, but on the same day, there was entered in the account of the depositor on the books of the bank a credit for the amount of the check. At the opening of business on that day the books of the bank showed that the account of the depositor was overdrawn; during that day checks drawn by the depositor were presented at the bank and paid, and at the close of the day the books showed no overdraft of the depositor's account because of the inclusion as a credit of the amount of the check. In these circumstances the plaintiff contends that the judge should have found that the bank furnished value for the check and became its beneficial as well as its legal owner. But in our opinion the judge was not bound to make such finding and there was evidence which warranted a contrary finding.

A bank and its customer may by agreement define and limit the authority of the bank, and its title, in its dealings with a negotiable instrument deposited by the customer.

The ordinary right of a bank to set off a deposited negotiable instrument or its proceeds against a debt due or to become due from a customer, sometimes referred to as a "banker's lien," may be changed or eliminated by a contract between bank and customer. *Wood* v. *Boylston National Bank*, 129 Mass. 358, 359. *Furber* v. *Dane*, 203 Mass. 108, 117. *Prudential Realty Co.* v. *Commissioner of Banks*, 241 Mass. 277, 279. *Pizer* v. *Hunt*, 250 Mass. 498, 503. In this Commonwealth, by an agreement that the authority of a bank is limited to the "collection" of a deposited negotiable instrument, until payment of the instrument its title may be only a legal and not a beneficial title. *Moors* v. *Goddard*, 147 Mass. 287. *Manufacturers' National Bank* v. *Continental Bank*, 148 Mass. 553. *Freeman's National Bank* v. *National Tube Works Co.* 151 Mass. 413. *Haskell* v. *Avery*, 181 Mass. 106. In the absence of any express or implied agreement to the contrary, a bank, upon receiving from its customer as a deposit the check of a third person, may by giving credit therefor to the customer and permitting the credit to be drawn upon become the absolute owner of the check. *Salem Elevator Works, Inc.* v. *Commissioner of Banks*, 252 Mass. 366, and cases cited. *Shawmut National Bank* v. *Manson*, 168 Mass. 425. But the parties concerned, the bank and its customer, may make an agreement to the contrary. "Where checks are not finally credited to the account of a customer until collected, where the customer cannot as of right draw against checks until collected, and where checks are entered in the accounts of customers subject to payment, the collecting bank acts only as agent of the customer. The relation of debtor and creditor does not arise until the check has been collected." *Salem Elevator Works, Inc.* v. *Commissioner of Banks*, 252 Mass. 366, 371, and cases cited.

In the present case the check was indorsed by the payee, the customer, "For deposit only to the credit" of the customer. It was delivered to the bank with other checks, all listed on a deposit slip furnished by the bank which bore the words: "Depositors are Hereby Notified that Credits Entered in Their Accounts are Conditional and Not Final

Until Items Deposited Have Been Collected." There was no evidence tending to indicate an intention at the time of deposit that the customer would be permitted as of right to draw checks against, or that the bank might apply to any overdraft on its books, any credit other than a final one after collection, or evidence of any course of dealings between bank and customer, or any usage of banks in a like situation. The credit of $830, the amount of the check, entered on the customer's account on the day of its deposit was on the following day "charged off" by the entry of a debit of $830 and the customer was notified that such charge had been made because payment of the check had been stopped. The effect of this is that there never was a final credit to the customer's account of the amount of the check and, at the time the suit was brought and now, no existing credit of that amount to the customer on the books of the bank. In the circumstances disclosed by the evidence it cannot be said that the judge was obliged to find that this was the ordinary situation where the bank and its customer make no contract with reference to the subject and that there was not warrant for the finding that there was an agreement between the bank and its customer to the effect that the bank took the check for the limited purpose of collecting its proceeds and that it had no authority to charge against the temporary entry of credit the amount of the customer's overdraft and the checks of the customer which were presented for payment. The findings of the judge that the plaintiff did not have such title to the check as would permit a suit by it as absolute owner and that it did not furnish value for the check were warranted and there was no error in refusing to rule that "On all the evidence, the plaintiff is a holder in due course of the check sued on."

*Order dismissing report affirmed.*