No. 2938 Northern Middlesex, ss.

CORBETT (James V. Smith, E. J. Sullivan)

v. DAVIS (P. W. Pate)

From the Second District Court of Eastern Middlesex—
Duane, J.

Argued June 9, 1941—Opinion Filed July 15, 1941

PETTINGELL, J. (Jones, P.J., & Henchey, J.)—The plaintiff, employed by the defendant as a "butler, chauffeur and general man," received a physical injury while lifting a box of rubbish accumulated by the plaintiff as he was cleaning up the grounds of the defendant's residence. There was a finding for the plaintiff.

The error alleged is the denial of certain rulings requested by the defendant.

A careful study of the defendant's requests for rulings, and the unassailable finding of fact made by the trial judge, leads to the conclusion that the defendant successfully raised only two issues of law, the negligence of the defendant and the contractual assumption of risk by the plaintiff.

The defendant's requested ruling that upon all the evidence a finding should be made for the defendant, because there was no evidence of negligence (Request 1a) and his Request 6, "That there is no evidence of negligence on the part of the defendant," clearly raises the issue of the sufficiency of the evidence to warrant a finding of the absence of evidence of negligence. Request 1a had the necessary specifications required by Rule 27 of the District Court Rules (1940 Ed.), *Boston Continental National Bank v. Hub Fruit Co.* 285 Mass. 187. If

there was an absence of evidence warranting such a finding, the finding of the trial judge that the defendant was negligent cannot stand, and the denial of these requests constituted prejudicial error.

The trial judge could have denied these requests and then could have justified the denial by making findings of fact, if he could properly make them, which established the negligence of the defendant. He did make findings of fact, but nothing additional contained in these findings is sufficient to establish negligence. The only specific finding which is stated as constituting negligence is his summary that the defendant "undertook and did direct specifically the plaintiff in removing the stones, or rocks, soft sod, sand and debris in the manner that caused the plaintiff's injuries."

The evidence reported shows that "the plaintiff's job consisted of doing everything the defendant told him to do"; that "it was his duty to keep the place nice and clean; that he took care of anything that interfered with the good appearance of the place and picked up debris, branches and boughs on the front walk." It appears, also, that on June 27, 1939, the day that the plaintiff received his injury, he had been in the defendant's employ about eleven months, and it is a logical and reasonable conclusion that in that length of time he had picked up debris and litter on the defendant's premises many times. On June 27, 1939, the defendant told the plaintiff to clean up the lawn and, in consequence of that instruction, the plaintiff gathered together a quantity of stones or rocks, soft soil and sand, and other debris. At that time the defendant, who according to the finding of the trial judge, was not a well man, was on the piazza of the house. There is no evidence in the report that he was there overseeing the work of the plaintiff, or was there paying any attention to him. According to the report the plaintiff "went to the defendant, who was sitting on the porch, and asked him what he would put the rubbish in, and the latter said, 'What have you got in the cellar?' to which he (the plaintiff) replied, 'Just an ash barrel and a wooden box,' that the defendant then said, 'Well, put the rubbish in there and don't bother me.'" We have here a perfect picture of an employer, a man in poor health, who is not supervising the work of his employee clearing up the premises, and is called upon by the employee for a suggestion of the proper equipment to use. The interference, if it may be called that, is by the employee with the employer's leisure; there is nothing to indicate attention on the part of the employer to what the employee was doing, or interest in the way in which he did it.

The plaintiff then brought out a galvanized iron barrel and a wooden box 18 inches by 24 inches, and put the rubbish in them. After he had filled the barrel he tried to move it, and, finding it heavy, "he called to the defendant on the porch and said, 'Mr. Davis, this barrel is very heavy. I need some assistance or some means of moving it,' and that the defendant re-

plied, 'I have no assistance' or 'I have no means of removing it; you go and take that barrel and put it where it belongs and don't bother me any more.' "

The plaintiff then "took hold of the box and lifted it," thereby causing a hernia which is the injury complained of.

What was the duty owed to the plaintiff by the defendant as his employer? The work which the plaintiff was doing was the simplest kind of manual labor. It needed no appliances or machinery, and only the most primitive kind of equipment. The actual complaint here is not that the plaintiff did not have the necessary rakes or shovels, but that he did not have proper receptacles for removing and storing the rubbish. Nevertheless, it is difficult to see what more satisfactory or safer equipment he could have had, a large receptacle and a smaller one; a large receptacle to be placed in the ultimate and final position where the rubbish was to stand until permanently removed, and a small receptacle in which the rubbish could be placed in convenient and safe quantities to be carried to the larger barrel and there emptied. We fail to see any negligence on the part of the defendant in furnishing equipment. If there was any negligence concerning the equipment, it was the negligence of the plaintiff in failing to make a proper use of the equipment which was available. *Dunlap* v. *Barney Mfg. Co.* 148 Mass 51.

Nor do we see anything in the conduct of the defendant which constitutes negligence in the directing of the plaintiff's work. As has been pointed out, the account of the episode shows a complete lack of attention on the part of the defendant to what the plaintiff was doing and an entire absence of interest in it. Whatever was occupying the defendant at that time was something which was materially interfered with by the plaintiff's repeated approaches and questions. Nothing that the defendant said was more definite than an admonition to the plaintiff to get about his work and to leave the defendant alone. The trial judge found that "the defendant undertook and did direct specifically the plaintiff in removing the stones, or rocks, soft sod, sand and debris in the manner which caused the plaintiff's injuries." We find no evidence in the report to warrant or support this conclusion, and nothing which indicates that the defendant in any way directed or controlled the plaintiff in his work or gave him any orders as to the manner in which he should do it. As far as the record shows, there was absolutely nothing which prevented the plaintiff from removing the rubbish in amounts small enough in quantity and light enough in weight to make the labor perfectly safe.

The admonition of the defendant to the plaintiff "to take that barrel and put it where it belongs" was a direction to the plaintiff to go on with the work which had been assigned to him. It cannot be regarded as an order to do the work without regard to the plaintiff's safety. *Gouin* v. *Wampanoag Mills,* 172 Mass. 222; but must be regarded as an order to do

it in a proper way. *DeSautels* v. *Gloutier*, 189 Mass. 349. *Morris* v. *Pike*, 216 Mass. 528. There was no negligence in the defendant's order.

There was nothing to prevent the plaintiff from doing the work in such a manner that there was no danger to him. *Mc-Cann* v. *Central Construction Co.* 218 Mass. 595. The defendant was entitled "to assume that the plaintiff would protect himself by whatever precautions were necessary." *Russell* v. *Tillotson*, 140 Mass. 201. "The principle is said to be, that, 'where the servant has as good an opportunity as the master of ascertaining and obviating the danger for himself, he will have no recourse against the latter.' " *Haley* v. *Case*, 142 Mass. 316.

We are of the opinion that there was no evidence of negligence and that there was prejudicial error in the denial of the defendant's requests for ruling, 1a and 6. The finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.