ARMAND A. KORZENIK & another vs. SUPREME RADIO, INC.

Hampden.   March 3, 1964. — April 10, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Bills and Notes*, Holder in due course, Value.   *Attorney at Law.   Value.
   Words*, "Retainer."

At the trial of an action on a promissory note by an indorsee against the
   maker at which it was established that the payee had obtained the note
   from the defendant by fraud not constituting a defence against a holder
   in due course, the plaintiff, an attorney at law, did not sustain the bur-
   den on him under G. L. c. 106, § 3-307 (3) of establishing that he was
   a holder in due course within § 3-302 where, although he did not know
   of the fraud and received the note from the payee, his client, together
   with other assigned items of far greater value "as a retainer for serv-
   ices to be performed" in certain antitrust litigation and did some legal
   work for one week and "paid co-counsel retained in the anti-trust case
   part of the money . . . collected" on the assigned items, a conclusion
   that he took the note for value was precluded by his failure to show the
   value of his work or "the extent . . . [to which] the agreed considera-
   tion . . . [had] been performed" within § 3-303 (a), or that he had
   made "an irrevocable commitment to a third person" within § 3-303 (c).

CONTRACT.   Writ in the District Court of Western Hamp-
den dated February 19, 1962.

The action was heard by *Garvey*, J.

*Leonard R. Skvirsky* for the plaintiffs.

*David A. Berndt* for the defendant.

WHITTEMORE, J.   The plaintiffs, as indorsees, brought an
action in the District Court of Western Hampden to recover
$1,900 on two "note[s] in the form of . . . trade accept-
ance[s]" given by Supreme Radio, Inc. (Supreme), to
Southern New England Distributing Corporation (South-
ern), dated October 16, 1961, and due, respectively, on No-
vember 1, 1961, and December 1, 1961.   The plaintiffs are
partners in the practice of law.   The trade acceptances in
suit and others, all of a total face value of about $15,000,
were transferred to them on October 31, 1961, by their client

Southern "as a retainer for services to be performed" by the plaintiff Korzenik. The trade acceptances in suit and two others given by Supreme had been obtained by fraud.[1] Southern had retained Korzenik on October 25, 1961, in connection with certain antitrust litigation. Korzenik did some legal work between October 25 and October 31, but there was no testimony as to the value of the services and the trial judge was unable to determine their value. He found for the defendant. Korzenik did not know that the acceptances were obtained by fraud. "He has paid co-counsel retained in the anti-trust case part of the money he has collected" on the assigned items.

The Appellate Division dismissed the report of the trial judge.

Decisive of the case, as the Appellate Division held, is the correct ruling that the plaintiffs are not holders in due course under G. L. c. 106, § 3–302;[2] they have not shown to what extent they took for value under § 3–303. That section provides: "A holder takes the instrument for value (a) to the extent that the agreed consideration has been performed or that he acquires a security interest in or a lien on the instrument otherwise than by legal process; or (b) when he takes the instrument in payment of or as security for an antecedent claim against any person whether or not the claim is due; or (c) when he gives a negotiable instrument for it or makes an irrevocable commitment to a third person."

Under clause (a) of § 3–303 the "agreed consideration" was the performance of legal services. It is often said that a lawyer is "retained" when he is engaged to perform services, and we hold that the judge spoke of "retainer" in this sense. The phrase that the judge used, "retainer *for serv-*

[1] The fraud was not such as to constitute a defence against a holder in due course. See G. L. c. 106, §§ 3–305 (2) (c), 3–306 (b).

[2] General Laws c. 106, § 3–302 (inserted by St. 1957, c. 765, § 1), provides: "(1) A holder in due course is a holder who takes the instrument (a) for value; and (b) in good faith; and (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person."

*ices*" (emphasis supplied), shows his meaning as does the finding as to services already performed by Korzenik at the time of the assignments. Even if the retainer had been only a fee to insure the attorney's availability to perform future services (*Blair* v. *Columbian Fireproofing Co.* 191 Mass. 333, 336), there is no basis in the record for determining the value of this commitment for one week.

The Uniform Laws Comment to § 3–303 points out that in this article "value is divorced from consideration" and that except as provided in paragraph (c) " [a]n executory promise to give value is not . . . value . . . . The underlying reason of policy is that when the purchaser learns of a defense . . . he is not required to enforce the instrument, but is free to rescind the transaction for breach of the transferor's warranty."

General Laws c. 106, § 3–307 (3), provides: "After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course." The defence of fraud having been established this section puts the burden on the plaintiffs. The plaintiffs have failed to show "the extent . . . [to which] the agreed consideration . . . [had] been performed."

The only other possible issue under § 3–303 is whether, because of or in connection with taking the assignments, Korzenik made "an irrevocable commitment to a third person." There is no evidence of such a commitment. The finding as to a payment to co-counsel shows only that some of the proceeds of other assigned items have been expended by Korzenik.

*Order dismissing report affirmed.*