268 So.2d 166 (1972)
Marilyn Kay FERNANDEZ As Administratrix Cta of the Estate of Sam Kay, Deceased, Appellant,
v.
Arthur B. CUNNINGHAM and Philip T. Weinstein, a Partnership, D/B/a Cunningham & Weinstein, Appellee.
No. 72-97.
District Court of Appeal of Florida, Third District.
October 24, 1972.
*167 Taylor, Brion, Buker, Hames, Greene & Whitworth, and Thomas M. Carney, Miami, for appellant.
Cunningham & Weinstein, Miami, for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HAVERFIELD, JJ.
CARROLL, Judge.
The defendant below appeals from a summary judgment entered in favor of the plaintiffs in an action on a promissory note. The note was dated September 1, 1965. The maker was Sam Kay. The payee was Investments, S.A., Inc. It was for the principal sum of $220,000, with a provision for payment of interest in an unstated amount. The due date was September 1, 1970. The note involved bears the general endorsement of the payee.
The complaint alleged plaintiffs Arthur B. Cunningham and Philip T. Weinstein, law partners, were holders of the note in due course for value; that they made demand for payment thereof on the due date, and that payment was not made. It was alleged that the maker Sam Kay died in November of 1970; that the defendant Marilyn Kay Fernandez was appointed as personal representative of his estate; and that on December 23, 1970, the plaintiffs had filed claim on the note in the said estate, to which the administratrix had filed objection.
The answer of the defendant denied plaintiffs were holders in due course, pleaded payment and want of consideration, and claimed set-off of obligations averred to exist from the payee.
On November 8, 1971, the plaintiffs moved for summary judgment. In support thereof there was filed an affidavit of the plaintiff Cunningham. Therein it was stated that plaintiffs were holders in due course of the note sued upon; that on September 1, 1970, the due date of the note, the affiant had made demand for payment, and that payment had not been made. The affidavit then recited, as circumstances under which the note was acquired that the plaintiff attorneys had represented the payee corporation "in various professional matters for which fees were due"; that the payee had been without funds to pay them for such services but held the note; that the payee offered to endorse the note over to the attorneys in payment thereof and the latter accepted it; that when the note was so received by plaintiffs they were without knowledge of any defenses thereto or infirmities therein, or of any claims of the maker against the payee. The affidavit ended by stating that there was due on the note $220,000 plus interest from September 1, 1965.
Neither in that affidavit nor elsewhere did the plaintiffs present evidence of the nature or extent of the legal services performed (prior to acquisition of the note) or of the reasonable value thereof or amount claimed at the time to be due therefor.
On December 16, 1971, the defendant filed an affidavit in opposition to the plaintiffs' motion for summary judgment. On the same day defendant also filed a notice which had been served on the plaintiff Arthur B. Cunningham for the taking of his deposition on December 21, 1971.
In her affidavit the defendant stated she had been appointed administratrix CTA of the estate of Sam Kay; that while she had not found the stock certificate it was her understanding that Sam Kay was the principal stockholder of the payee corporation; that the plaintiffs had acted as attorneys for the corporation, and attached to her affidavit two 1967 bills which had been submitted by plaintiffs to Investments, S.A., Inc., one for $3,500 for legal services and one for $57.53 for certain expenses, which had been addressed to the corporation, to *168 the attention of Sam Kay; that she had been appointed as guardian of the property of her father Sam Kay on June 15, 1970, and had so acted to the time of his death on November 14, 1970; that she was familiar with her father's affairs and that no demand had been made on her by the plaintiffs with respect to principal or interest of the note, and to her knowledge no such demand had been made on Sam Kay; that the first she knew of the note was when a claim was filed thereon in his estate; that her father's records show no evidence of any interest payments on the note; and that she had been informed by Miller, the president of the payee corporation, that the note was given to Investments, A.A., Inc. by Sam Kay "for credit purposes and that the corporation gave nothing of value in return for it."
On December 21, 1971, the day prior to the hearing on the motion for summary judgment, the deposition of the plaintiff Arthur B. Cunningham was taken by defendant. Among other things brought out in the deposition was that the plaintiffs received the note from their client Investments, S.A., Inc. "around 1968" in payment for fees due for past services and for services to be rendered to the corporation in the future. As to the amount which was due to the attorneys for legal services performed before the note was acquired, the showing in the deposition was only that it was in excess of $20,000.
At the hearing on motion for summary judgment counsel for the defendant informed the court of the deposition of the plaintiff Cunningham which had been taken but which had not yet been transcribed, and requested that the court consider that deposition evidence in reaching decision on the motion for summary judgment. The court denied the request, and on the basis of the pleadings and the affidavits above outlined, without considering the deposition, entered summary judgment on December 22, 1971, granting plaintiffs judgment against the defendant for $303,200, representing the principal of the note and the accrued interest.
On consideration of the record and briefs we conclude that the arguments for reversal advanced by the appellant are meritorious.
Under the Uniform Commercial Code a holder in due course of an instrument must have taken it for value and in good faith. § 673.302 Fla. Stat., F.S.A. And an instrument is considered taken for value "(1) To the extent that the agreed consideration has been performed or that he acquires a security interest in or a lien on the instrument otherwise than by legal process; or (2) When he takes the instrument in payment of or as security for an antecedent claim against any person whether or not the claim is due." § 673.303.
Therefore, the plaintiffs would be holders thereof in due course only to the extent of the amount they were entitled to receive for services performed by them for the corporation prior to the time they acquired the note. On that basis their collection thereunder, if allowable, would be thus limited. The same result would obtain if the plaintiffs are to be regarded under § 673.303 as holding a security interest in the instrument for the amount so due them for the performed legal services.
Since the note represented a property transfer from client to attorneys during representation, it was incumbent on the plaintiffs to make full disclosure of the facts relating to the transaction with the client, and thereby to show that the note was so acquired by them in good faith,[1] and, for full recovery, to show full value given,[2] or, for limited recovery thereon for *169 the prior services, to present evidence as to the services performed and the value thereof.[3]
A case which came before the Supreme Judicial Court of Massachusetts, involved application of the same section of the Uniform Commercial Code in a similar situation. Korzenik v. Supreme Radio, Inc., 347 Mass. 309, 197 N.E.2d 702. There lawyers to whom there was due a certain amount for services rendered had received from their client, in purported payment therefor, two notes in the form of trade acceptances. The face amount of the notes substantially exceeded the sum the lawyers claimed was due them for services rendered. In that action by the lawyers upon the two notes, as in the present case, no evidence was presented by them as to the value of the services performed, with the result, as held by the Massachusetts court, that the trial court was unable to determine the amount or extent to which, under the said provisions of the Uniform Commercial Code, the plaintiff lawyers could be considered to be holders in due course of the notes. Accordingly, it was held there that the plaintiff attorneys were not holders in due course (even to the extent of the "consideration performed"). We approve and apply that holding to this case, in the absence of such evidence before the trial court at the hearing on motion for summary judgment.
Moreover, the affidavit submitted by plaintiffs in support of their motion for summary judgment did not, in our view, present evidence to dispel the issues presented by the pleaded affirmative defenses. See Emile v. First National Bank of Miami, Fla.App. 1961, 126 So.2d 305; Harrison v. McCourtney, Fla.App. 1963, 148 So.2d 53; Underwriters Insurance Company v. Sisung, Fla.App. 1965, 174 So.2d 461; Pompano Paint Co. v. Pompano Beach Bank & Trust Co., Fla.App. 1968, 208 So.2d 152.
Additionally we find merit in the appellant's contention that the court abused discretion in denying her request for consideration of the deposition of the plaintiff Cunningham taken the day before the hearing, which contained evidence bearing on whether the note was taken in good faith and for value. The deposition revealed that the sum claimed by the attorneys to have been due for their services at the time they acquired the note was only about one-tenth of the amount of the note, and that the note was transferred to them in part for future consideration.
In Holl v. Talcott, Fla. 1966, 191 So.2d 40, 46-47, the Supreme Court stated that the principle which is applied on hearing on motion for summary judgment, of strict reading of the papers of a movant and liberal reading and construction of the papers of the opposing party, should be applied also in considering a motion, made by petition for a rehearing or to vacate a summary judgment, for the court to receive new affidavit evidence which could be material to the outcome. With reference to such circumstances the Supreme Court said:
"The discretion not to grant is narrowed and every disposition should be indulged in favor of granting the motion. Only after it has been conclusively shown that the party moved against cannot offer proof to support his position on the genuine and material issues in the cause should his right to trial be foreclosed."
Here the position of the defendant was stronger, in that her effort and request to produce the additional evidence was not made by motion for rehearing after judgment, but at the hearing on the motion for summary judgment, based on knowledge of the contents of the Cunningham deposition which had been taken, as constituting evidence bearing on the matter under consideration.
*170 For the reasons assigned, we hold the trial court erred in granting summary judgment for the plaintiffs. The judgment is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
NOTES
[1] Gerlach v. Donnelly, Fla. 1957, 98 So.2d 493; Smyrna Developers, Inc. v. Bornstein, Fla.App. 1965, 177 So.2d 16; Halstead v. Florence Citrus Growers' Ass'n, 104 Fla. 21, 139 So. 132.
[2] Gerlach v. Donnelly, supra; Bolles v. O'Brien, 63 Fla. 342, 59 So. 133; cf. Deal v. Migoski, Fla.App. 1960, 122 So.2d 415.
[3] Korzenik v. Supreme Radio, Inc., 347 Mass. 309, 197 N.E.2d 702.