ALAN PERRY *vs.* JAY A. SCHLAIKJER. October 3, 1977. The defendant, maker of a note endorsed in blank by the payee, appeals from a summary judgment granting recovery on that note to the plaintiff who (as appears from the defendant's affidavit) bought the note (together with other instruments) from the Federal Deposit Insurance Corporation as liquidating agent of Surety Bank and Trust Company (bank) under a decree by a single justice of the Supreme Judicial Court "permitting sale and compromise of notes and mortgages and sale of collateral." The defendant in his affidavit asserts a claim against the payee for misrepresentations made subsequent to the execution of the note which caused the defendant substantial monetary loss in excess of the balance claimed to be due under the note and that the execution of the note was induced by the payee's misrepresentations. (The plaintiff does not contest the sufficiency of the defendant's affidavit to raise the claim and the defense.) The defendant's claim and defense raise genuine issues of material fact, for they would bar recovery by reason of G. L. c. 106, §§ 3-306(*a*) and 3-306(*b*) — unless the plaintiff could sustain "the burden of establishing that he or some person under whom he claims is in all respects a holder in due course." G. L. c. 106, § 3-307(3), inserted by St. 1957, c. 765, § 1. *Korzenik* v. *Supreme Radio, Inc.,* 347 Mass. 309, 310-311 (1964). *Bowling Green, Inc.* v. *State St. Bank & Trust Co.,* 425 F.2d 81, 83 (1st Cir. 1970). Cf. *Loew* v. *Minasian,* 361 Mass. 390 (1972). See *Federal Reserve Bank* v. *Gray-United Stores Inc.,* 290 Mass. 77 (1935). The plaintiff's sole contention in this court (and apparently on the motion for summary judgment) is that the bank was a holder in due course and that he, as the bank's transferee, (apparently by purchase in accordance with G. L. c. 106, § 3-302[3]) has acquired that status. See G. L. c. 106, § 3-201(1). This contention if bottomed on undisputed facts would make immaterial the defendant's claims and defenses and entitle the plaintiff to summary judgment. See *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553-556 (1976). However, the plaintiff has not sustained his contention; the affidavit and the documents presented to us in the appendix tell us nothing about the relationship between the bank and the payee of the note. See *United Sec. Corp.* v. *Bruton,* 213 A.2d 892, 894 (D.C. 1965). There is nothing to indicate that the bank took the note as

collateral or otherwise for value (*Korzenik* v. *Supreme Radio, Inc.,* 347 Mass. at 310-311; *Rockland Trust Co.* v. *South Shore Natl. Bank,* 366 Mass. 74, 77-81 [1974]) or in good faith (*Industrial Natl. Bank* v. *Leo's Used Car Exch. Inc.,* 362 Mass. 797, 801-802 [1973]; *Bowling Green, Inc.* v. *State St. Bank & Trust Co.,* 425 F.2d at 84-85) or without knowledge of claims or defenses. G. L. c. 106, §§ 3-302(1) (*a*), 3-302(1) (*b*), and 3-302(1) (*c*). The assertions in the plaintiff's brief find no support in the appendix and are valueless. Cf. Mass.R.A.P. 16(e), 365 Mass. 862 (1974) ("No statement of a fact of the case shall be made in any part of the brief without an appropriate and accurate record reference"). Nor do the portions of the defendant's deposition attached to the plaintiff's brief help the plaintiff in this respect — assuming even that the deposition (filed in the Superior Court in Dedham on the same day that the judge entered judgment in Boston) was before the judge despite the statement in the judgment that he "considered the pleadings and affidavits," the word "depositions" in the form for judgment having been crossed out.

*Judgment reversed.*

*Joseph G. Bramberg* for the defendant.
*Gerald A. Hamelburg* for the plaintiff.