KEHOE, Judge.
Appellant, defendant below, brings this appeal from a summary judgment dated November 5, 1976, entered by the trial court in favor of appellee, plaintiff below. Appellant contends that genuine issues of material facts existed, at the time of the granting of summary judgment by the trial court, which, pursuant to Fla.R.Civ.P. 1.510, precluded the proper entry of summary judgment. We agree; therefore, the summary judgment appealed is reversed.
This action was instituted when appellee sought to quiet title to certain improved real estate in Dade County, Florida. During the course of the litigation, both appel *122 lant and appellee moved for summary judgment; after a hearing, the trial court granted appellee’s motion. The ensuing summary judgment is the subject of this appeal.
Appellant contends that the trial court improperly granted appellee’s motion for summary judgment because, at the time of its entry, there existed genuine issues of material facts, i. e., (1) whether Jerome A. Turrell received valuable consideration for the transfer of the subject property and (2) whether the execution of a certain deed and transfer of the subject property were procured by appellee under conditions of undue influence, duress, and coercion at a time when Jerome A. Turrell had insufficient legal capacity. These factual issues were put into contention by appellant’s answer and affirmative defenses to appellee’s second amended complaint.
In order to be entitled to summary judgment, it is incumbent upon the plaintiff, here appellee, to overcome any affirmative defenses by presenting evidence sufficient to demonstrate conclusively that the issues created by the affirmative defenses are dispelled. See, e. g., Johnson & Kirby, Inc. v. Citizens Nat. Bank, 338 So.2d 905 (Fla. 3d DCA 1976); First Mortgage Inv. v. Boulevard Nat. Bank of Miami, 327 So.2d 830 (Fla. 3d DCA 1976); Fernandez v. Cunningham, 268 So.2d 166 (Fla. 3d DCA 1972); Underwriters Insurance Company v. Sisung, 174 So.2d 461 (Fla. 3d DCA 1965); and Fla.R.Civ.P. 1.510. After examining the various pleadings, etc., before the trial court at the time that it granted the summary judgment herein, we can find no such contravention of the affirmative defenses raised by appellant as would dissipate them. In the absence of such a finding, we have concluded that the summary judgment was improperly entered; therefore, it is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.