ELIAS SAKA, Appellant, *v.* MANN THEATRES,
a Corporation, Respondent.

No. 9039

March 16, 1978                                    575 P.2d 1335

*Robert N. Peccole,* Las Vegas, for Appellant.

*Deaner, Deaner & Reynolds,* Las Vegas, for Respondent.

## OPINION

By the Court, Manoukian, J.:

An agreement was reached by respondent and Affinity Pictures whereby respondent was to rent one of its theaters to Affinity to exhibit a film for two weeks. Appellant was one of the producers of the film. The rental fee was $10,884 or $5,442 for each seven-day period. Appellant Saka tendered to Boulevard Theatre, the theater within the Mann Theatre chain which was rented, two checks each for $5,442. One check was honored, but the second check did not clear. Respondent sued for the amount of the dishonored check and prevailed in the district court. The material facts involving the tendered check were sharply disputed and the trial judge chose to believe respondent's version of the case.

Testimony was proffered that in June of 1974, Saka had contacted a Mark Rosen of Mann Theatres regarding the rental of Boulevard Theatre. One month later in July, Rosen met with several parties in Los Angeles and was given two checks drawn

by Saka. Appellant contends that he wrote the two checks at the request of an officer of Affinity Pictures who stated that the money was needed to cover the rental fees for the theater.

Rosen testified that he contacted Saka during the first week of the film exhibition concerning the returned check and that Saka stated that a temporary hold had been placed on the account which would be lifted in a matter of days. Rosen, following assurances by Saka that the check would be later honored, permitted the film to be shown the second week. Rosen testified that Saka offered to even make periodic payments on the check. The check was never made good and respondent initiated suit.

The central question is whether the trial court properly found appellant liable on the check.

Saka contends that he is not liable for two reasons. First, he argues respondent was not a holder in due course, and, second, appellant did not receive any consideration from respondent upon which to base individual liability. He claims that Mann Theatres was not a holder in due course because it did not take the instrument "for value" as required by NRS 104.3302.[1] His argument is that because the check was tendered and accepted for the second week's showing of the film, Mann Theatres merely gave an executory promise to give value. *Korzenik v. Supreme Radio, Inc.*, 197 N.E.2d 702 (Mass. 1964). The underlying policy reason is that when a transferee becomes aware of a defense, he need not enforce the instrument but may elect to rescind the transaction based upon the breach. *Korzenik, supra*. Nevertheless, one is considered a holder in due course to the extent he has performed such "executory promise." *Coventry Care, Inc. v. United States*, 366 F.Supp. 497 (W.D. Pa. 1973). Here, testimony indicated that respondent had already begun performance when notified that the check did not clear. For this reason alone, respondent qualified as a holder in due course. This determination is dispositive of the appeal, and we find it unnecessary to discuss the issue of want of consideration.

The judgment of the lower court is affirmed.

BATJER, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.

---

[1]NRS 104.3302 provides in part: "1. A holder in due course is a holder who takes the instrument: (a) For value; and (b) In good faith; and (c) Without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person."