AUSTIN J. MORAN and others[1] vs. PHOENIX INSURANCE COMPANY.

Suffolk.    April 17, 1979. — June 26, 1979.

Present: BROWN, PERRETTA, & KASS, JJ.

*Insurance*, Fire insurance: agreement on amount of loss, Reference to Arbitration, Waiver. *Waiver. Practice, Civil*, Summary judgment.

In an action to recover under a policy of fire insurance, the judge erred in entering summary judgment against the plaintiffs for failure to comply with the arbitration provision as set forth in G. L. c. 175, § 99, Twelfth, where it appeared from the affidavits in support of summary judgment and the pleadings that the sole basis of the insurer's refusal to pay was denial of liability and there was nothing in the record to show that the insurer disputed the amount of the loss; thus, it would have been open to a jury to find waiver of the reference to arbitration condition of the policy. [824-825]

An insured was not precluded from recovery under a policy of fire insurance by the fact that he did not file a sworn written proof of loss where the insurer knew of the loss, sent an investigator, and did not ask for a sworn proof of loss. [825-826]

CONTRACT. Writ in the Superior Court dated February 8, 1971.

---

[1] Frank W. Generazio, Jr., William C. Anglin, Robert Quinn, and Richard McCarthy.

The action was heard by *Ronan, J.,* on a motion for summary judgment.

*Robert S. Wolfe* for the plaintiffs.

*Brian R. Merrick* for the defendant.

KASS, J. Companies which issue fire insurance policies in Massachusetts must conform to a text prescribed in G. L. c. 175, § 99, Twelfth, as appearing in St. 1951, c. 478, § 1. That text includes a provision which says that if the parties fail "to agree as to *the amount of the loss* . . . the amount of such loss shall be referred" to arbitration and such reference "*unless waived by the parties,* shall be a condition precedent to any right of action in law . . ." (emphasis supplied).

Summary judgment was entered below against the plaintiffs for failure to comply with this arbitration provision and the sole issue which the parties have argued on appeal is whether the defendant insurer waived that requirement by implication. We conclude that the available facts warranted a finding of such a waiver and reverse the judgment.

The facts, based on pleadings (including answers to interrogatories) and accompanying affidavits, are as follows: The defendant Phoenix Insurance Company (Phoenix) issued the policy sued upon to Carleton Realty Trust on October 15, 1966. That policy provided fire insurance on several buildings, including a horse barn, located on a farm in Southborough. The policy limit was $12,000. By an endorsement to the policy effective April 2, 1968, the plaintiffs, Moran, Anglin, Quinn, McCarthy, and Generazio, were substituted for Carleton Realty Trust as named insureds. Moran and his associates sold the farm to Robert and Paul Sriberg on August 29, 1969.[2] At that time, Sriberg notified Phoenix of the change in ownership

---

[2] Carleton Realty Trust and Robert Sriberg were the original plaintiffs in this case. A motion to substitute Moran and others as substitute plaintiffs was allowed. The defendants are not contesting the insurable interest of the plaintiffs.

and that Moran and associates had become second mortgagees and, as such, were to remain as loss payees under the policy.

Five days later, on September 4, 1969, the barn burned to the ground. On or about September 9, 1969, Robert Sriberg gave Phoenix oral notice of the loss. We deduce that Phoenix received and acted upon that notice from a notice of loss form in its records (which Phoenix produced in response to a motion under Mass.R.Civ.P. 34, 365 Mass. 792 [1974], to produce documents) and from the fact that Phoenix sent an adjuster to the farm. The latter confined his investigation to the cause of the loss and the insurable interests of the claimants.

If Phoenix waived the arbitration requirement, it did so inferentially; the record offers no evidence of a written or oral waiver. Waiver or excuse of the condition precedent may be inferred from the conduct of the insurer or its agents, but the burden of proving such waiver or excuse falls on the party seeking to rely upon it. *Lamson Consol. Store Serv. Co.* v. *Prudential Fire Ins. Co.,* 171 Mass. 433, 436 (1898). *Molea* v. *Aetna Ins. Co.,* 326 Mass. 542, 547 (1950). *Romanos* v. *Home Ins. Co.,* 355 Mass. 499, 502 (1969). 14 Couch, Insurance § 50.101 (2d ed. 1965) and 19 Couch, Insurance § 79.471 (2d ed. 1968). There were facts set forth in the affidavits in support of summary judgment and in the pleadings indicating that the sole basis of Phoenix's refusal to pay on the policy was denial of liability. At the same time the record is quite devoid of any suggestion that Phoenix disputed the amount of the loss.[3] *Lamson Consol. Store Serv. Co.* v. *Prudential Fire Ins. Co., supra,* at 435-437. *Fall River* v. *Aetna Ins. Co.,* 219 Mass. 454, 458 (1914). *Alba* v. *Fireman's Fund Ins. Co.,* 295 Mass. 80, 84 (1936). In all the cases cited it was

---

[3] In fact, a bona fide dispute over the amount of the loss was unlikely. The barn was insured for $12,000. The plaintiffs' appraisal of the loss was $65,000. Even allowing for bias on the part of the plaintiffs' loss appraiser, it is doubtful that Phoenix was contesting a figure that was 18½% of the appraiser's figure.

held that the concurrence of a denial of liability under the policy with the absence of any contest of the amount of loss left it open to a jury to find waiver of the reference to arbitration condition. Under the circumstances, i.e., where the parties' conduct raised issues of fact to be resolved by a trier of fact, it was error to allow a motion for summary judgment. *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 556 (1976). *Perry* v. *Schlaikjer*, 5 Mass. App. Ct. 866 (1977).

Phoenix argues, however, that *Lamson* and its progeny are distinguishable because in those cases the claimant filed sworn written proofs of loss, whereas in the instant case the plaintiffs did not. In failing so to do the plaintiffs were faithful to the cheerful disregard which all parties to the controversy showed toward the norms of conscientious business communication. But the plaintiffs are rescued by G. L. c. 175, § 102, the second paragraph of which provides in part:

"If such an insured [under a standard form fire policy] fails both to render a sworn statement as required by the policy and to give such a written notice ... and if the company sends an agent or representative to the insured for the purpose of investigating, estimating, or appraising the loss or damage or adjusting the claim therefor, such failure shall not preclude recovery under the policy; provided, that the insured, immediately upon receipt of any written request so to do made by the company forthwith after the sending of an agent or representative as aforesaid, renders said sworn statement to the company."

Although Phoenix's own records show it knew of the loss and sent an investigator, it did not ask for a sworn proof of loss. Instead it adopted an ostrich-like stance. Section 102 indicates a "legislative desire that a lay insured's failure to comply with policy requirements in fine print in respect of filing insurance statements and proofs of claim shall not defeat his claim to the insurance protection for which the insurer has been paid, provided, of course, that the insurer has been given fair notice that

there has been a loss which the insured asserts to be within that protection." *Employers' Fire Ins. Co.* v. *Garney,* 348 Mass. 627, 630 (1965). Nor can Phoenix make anything of the fact that the notice of loss came from Robert Sriberg, whose insurable interest was tenuous because there was no evidence that written notice of the assignment of the policy to him and his brother at the time of sale of the farm was received by Phoenix, let alone assented to. Notice of a loss may be given on behalf of those with an insurable interest by a person acting as their agent. *Goodman* v. *Quaker City Fire & Marine Ins. Co.,* 241 F.2d 432, 435 (1st Cir. 1957).

*Judgment reversed.*