**UNITED STATES of America, Plaintiff, Appellee,**

v.

**Milton RAPHELSON, et al., Defendants, Appellees.**

**Appeal of MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Defendant, Appellant.**

**No. 86–1142.**

United States Court of Appeals, First Circuit.

Submitted Sept. 12, 1986.

Decided Oct. 7, 1986.

---

Joseph J. Walsh and Sloane & Walsh, Boston, Mass., on brief, for defendant, appellant.

Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, David English Carmack, Joan I. Oppenheimer, Tax Div., Dept. of Justice, Washington, D.C., and William F. Weld, U.S. Atty., Boston, Mass., on brief, for plaintiff, appellee U.S.

Robert V. Deiana, James C. Donnelly, Jr., Michael R. Mosher and Mirick, O'Connell, DeMallie & Lougee, Worcester, Mass., on brief, for defendant, appellee Mechanics Bank.

Before BOWNES, BREYER and TORRUELLA, Circuit Judges.

BOWNES, Circuit Judge.

Defendant-appellant Massachusetts Property Insurance Underwriting Association (MPIUA) challenges an order of the district court granting a joint motion for partial summary judgment of plaintiff-appellee United States and defendant-appellee Mechanics Bank. MPIUA was the insurer of premises owned by Auburn Pipe Fabricators that were destroyed by fire. Both the United States and Mechanics Bank seek to recover the proceeds of the insurance policy: the United States to collect on federal tax liens against Auburn and Mechanics Bank to collect on a security interest in the destroyed property. The district court ordered that $30,880 plus interest be paid half to the United States and half to Mechanics Bank, pursuant to the terms of a settlement between them. MPIUA argues that the district court erred because Auburn, the insured, did not comply with the terms of the policy, and/or that MPIUA's liability for the loss was terminated by the Massachusetts statute of limitations.

*Background*

On February 21, 1974, part of Auburn's business premises was destroyed by fire. Two MPIUA policies, one for $40,000 is-

sued to Auburn and one for $10,000 issued to its treasurer, John Moynagh, insured the premises and their contents. The Auburn policy is the only policy that is implicated in this appeal. The day after the fire a telephone report of the loss was made to MPIUA, and property loss notices were prepared by a public adjuster on Auburn's behalf. Written loss notices on both policies were received by MPIUA on February 25, and claiming a total loss of $70,498.46. These notices did not meet the policy requirements for a proof of loss. MPIUA hired a firm of certified public accountants to investigate the loss, which reported in a letter to MPIUA on November 6, 1974, that it had determined the loss on the Auburn policy "did not exceed $35,000."

There were three principal competing claimants to the insurance proceeds: Mechanics Bank, which had perfected a security interest in November 1973 in Auburn's property; R & R Plumbing Supply Corp. (R & R), which had been assigned the proceeds of the policy by Auburn in May 1974; and the United States which had begun to record a series of notices of tax liens against Auburn's property in January 1974. Shortly after Auburn had assigned the proceeds to it, R & R filed suit in the Worcester Superior Court of Massachusetts against the United States and Mechanics Bank seeking a determination that it was the sole entity having a right to the insurance proceeds. This action was removed by the United States to the federal district court, and Auburn, MPIUA and others were joined as defendants.

On June 24, 1975, Joseph Walsh, counsel for MPIUA, wrote a letter to counsel for R & R in which he stated that MPIUA appraised the loss at $30,880, was prepared to pay that amount, and that the district court should determine to whom the payments were to be made.[1] On August 4, MPIUA filed an answer and interpleader on R & R's district court action admitting liability for $30,880 on the Auburn policy and $4,541.85 on the Moynagh policy, and asking that it be discharged from all liability except to the person or persons to whom the court determined these sums were owed.

In the spring of 1976, the parties to R & R's district court action agreed to its dismissal on the motion of the United States, on the understanding that a new action would be instituted. On July 16, 1976, the United States filed the present action naming as party defendants all persons making claims to the insurance proceeds. In its answer, filed July 20, 1976, MPIUA admitted that Auburn sustained losses which "should be covered under the fire insurance policies," and admitted that it had appraised the losses under the two policies at $30,880 and $4,541.85. MPIUA for the first time denied liability. It asserted "that the amount of the losses under the policies referred to in the Complaint cannot be adjudicated by this Court for the reasons that the reference provisions of the policy have not been complied with." The reference provisions of the policy were to the effect that a dispute over the amount of the loss had to be referred to arbitration before suit could be brought.

On July 1, 1983, the United States and Merchants Bank filed the joint motion for summary judgment against MPIUA and R & R Plumbing that is the subject of this appeal. The motion asked that $30,880, MPIUA's appraisal value of the loss, plus interest, be paid to them in equal amounts

---

1. The loss of the insured, Auburn, under policy number 9573 has been appraised at $30,880 and the loss of Moynagh under policy 9572 has been appraised at $4,541.85.

The Association stands ready and willing to pay these amounts to the party or parties to whom it is determined the monies are owing.

As you know, the Association is presently restrained from making any payment whatsoever under these policies and, additionally, it has been notified of the existence of a number of Federal Tax Liens as well as a lien of the Mechanics National Bank.

In these circumstances, it would seem appropriate that the matter be adjudicated by the United States District Court in the action presently pending therein, Civil Action Number 75–1539–T, since an adjudication by that Court would protect the rights of all parties involved.

pursuant to a settlement agreement between them.

The district court entered summary judgment, ordering MPIUA to pay $30,880 to the United States and Mechanics Bank in equal amounts, with interest. It made the following rulings. R & R did not have an interest in the proceeds. Although Auburn had not filed a sworn proof of loss in conformity with the policy requirement, MPIUA had waived this requirement by failing to request such a proof of loss after receiving the loss notices. Since MPIUA had reached an agreement with Auburn that the minimum amount due under the policy was $30,880, the policy requirement that any dispute as to the amount of loss be referred to arbitration before suit could be brought would not come into play unless more than $30,880 was sought under the policy. In an alternative ruling, the court held that MPIUA's course of conduct estopped it from now relying on the arbitration reference provisions of the policy to deny liability. Finally, the court held that MPIUA must pay interest on the amount owed from November 6, 1974, the date when it received the appraisal of the loss from its accountant and acted on it as if it had received a proof of loss. MPIUA challenges each of the district court's rulings.

*The Issues*

█ The first issue is whether Auburn violated the policy requirement covering a proof of loss. The policy, incorporating the standard language required by Mass.Gen. Laws Ann. ch. 175, § 99, states in pertinent part:

> In case of any loss or damage under this policy, a statement in writing, signed and sworn to by the insured, shall be forthwith rendered to the company, setting forth the value of the property described, the interest of the insured therein, all other insurance thereon in detail, the purposes for which and the persons by whom the building described, or containing the property described was used, and the time at which and manner in which the fire originated, so far as known to the insured. The company may also ex-

amine the books of account and vouchers of the insured, and make extracts from the same.

It is undisputed that the property loss notice form sent MPIUA was neither signed nor sworn. In such a case Mass.Gen. Laws Ann. ch. 175, § 102, provides in pertinent part:

> The failure of the insured under a fire policy in the standard form prescribed by section ninety-nine to render the sworn statement specified therein forthwith upon the occurrence of loss or damage by fire shall not preclude recovery therefor, if the insured, forthwith upon the occurrence thereof, gives written notice of the fire, and the location thereof, to the company and if the insured, immediately upon receipt of any written request so to do made by the company forthwith after it receives such written notice, renders such sworn statement to the company.

The written loss notices sent MPIUA were received four days after the fire, and gave the date and location of the fire. They, therefore, met the policy and statutory substitute provisions. Because MPIUA never requested a proof of loss executed in conformity with the policy's requirement, that requirement was waived. *See Employers' Fire Insurance Co. v. Garney*, 348 Mass. 627, 205 N.E.2d 8, 10–11 (1965); *Moran v. Phoenix Insurance Co.*, 7 Mass.App. 822, 390 N.E.2d 1139, 1140–41 (1979).

█ The second issue is whether the two-year statute of limitations bars this action because the arbitration reference provision of the policy was not complied with. The policy, again incorporating required language from Mass.Gen. Laws Ann. ch. 175, § 99, provides for arbitration and states:

> No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred[.]

MPIUA argues that, although it stated in writing that it stood "ready and willing to pay the $30,880" on the loss and repeated

its admission of liability for that amount in its interpleader in R & R's federal action, Auburn never accepted this figure. Using this as its premise, MPIUA contends that because Auburn failed to initiate arbitration proceedings within two years of the loss, February 21, 1974, the two-year statute of limitations extinguished its liability to Auburn. It, therefore, follows MPIUA urges, that because United States and Merchants Bank derive their rights under the policy from Auburn, the statute of limitations applies to them and bars the action of July 16, 1976.

The law is well settled that if the insurer and the insured agree to the amount of the loss then the arbitration reference provision of a standard Massachusetts fire insurance policy does not apply. *Molea v. Aetna Insurance Co. of Hartford, Conn.,* 326 Mass. 542, 95 N.E.2d 749, 752 (1950); *Alba v. Fireman's Fund Insurance Co.,* 295 Mass. 80, 3 N.E.2d 36, 38 (1936). The key question, therefore, is whether MPIUA agreed to pay Auburn $30,880 for the loss.

The district court expressly ruled that MPIUA and Auburn had agreed that Auburn would be paid at least MPIUA's appraisal figure of $30,880. We agree. MPIUA's written representations during the two-year period following the fire that it would pay its appraised figure did not require a formal acceptance by Auburn. In its letter to R & R, then the plaintiff in a suit to recover the insurance proceeds, MPIUA stated it was "ready and willing" to pay the $30,880, but could not pay until it was determined to whom the money was owed. The letter suggested that the pending action was the proper forum for settling the competing claims. It did not suggest resorting to arbitration to determine the amount due. MPIUA filed an interpleader in the R & R case admitting liability for the $30,880 and asking that its liability be limited to that amount. MPIUA argues that the wording of the interpleader establishes that it has always maintained that no agreement was ever reached as to the loss, and it points to an affidavit of counsel as evidence reaffirming that position. We disagree. The interpleader stated in pertinent part:

The loss sustained by Auburn as a result of the said fire was appraised by the defendant at $30,880, and that sustained by Moynagh was appraised by the defendant at $4,541.85.

To date there has been [no] agreement between the defendant and the said insureds or their representatives as to the amounts of the said losses, but the defendant stands ready and willing to pay the amounts stated in Paragraph 3 hereof to the party or parties entitled to said monies.

Despite the acknowledged lack of agreement as to the amount of the loss over $30,880, the interpleader binds MPIUA to pay $30,880 "to the party or parties" entitled to it. The wording of both the June 24 letter and the interpleader, as well as MPIUA's conduct in agreeing to the dismissal of the R & R action, in which it had admitted liability without raising the possibility of its disclaiming liability when the second action was filed, constitute an agreement by MPIUA that it would pay $30,880 for Auburn's fire loss.

MPIUA argues that its pleading in a prior case is not binding on it in this case, and should not be considered here as an admission. Although a pleading in one case is not a conclusive judicial admission in a later one, it is treated as an ordinary admission which can be contradicted by other evidence. *Slate Printing Co. v. Metro Envelope Co.,* 532 F.Supp. 431, 436 (N.D.Ill.1982); *see also Fidelity & Deposit Co. of Maryland v. Hudson United Bank,* 653 F.2d 766, 777–78 (3d Cir.1981). MPIUA offered no evidence contradicting its earlier statements. Neither its answer in this action nor the affidavit of counsel supporting its opposition to the joint motion for partial summary judgment deny that it appraised the loss payable under Auburn's policy at $30,880 or that it earlier stated it was ready and willing to pay the money. Because we find that MPIUA agreed to pay $30,880, we need not consider appellees' alternative equitable estoppel ruling.

Although the present action was filed more than two years after the fire, the statute of limitations does not bar it because the first action was filed before the two-year statute had run, and this action was filed within one year of the dismissal of that action. The policy, using the language of Mass.Gen. Laws Ann. ch. 175, § 99, provides:

If suit or action upon this policy is enjoined or abated, suit or action may be commenced at any time within one year after the dissolution of such injunction, or the abatement of such suit or action, to the same extent as would be possible if there was no limitation of time provided herein for the bringing of such suit or action.

The third issue is whether MPIUA is liable for interest on the $30,880. Mass. Gen. Laws Ann. ch. 175, § 99, provides for interest payment as follows:

The company shall be liable for the payment of interest to the insured at a rate of one percent over the prime interest rate on the agreed figure commencing thirty days after the date an executed proof of loss for such figure is received by the company, said interest to continue as long as the claim remains unpaid.

MPIUA urges that it is not liable for interest because the insured never filed a properly executed proof of loss. The statute does not address an insurer's obligation to pay interest when an improperly executed proof of loss is filed. We have already noted, however, that under Mass.Gen.Laws Ann. ch. 175, § 102, a written notice of loss which meets its requirements is a valid substitute for the proof of loss required under the policy if the insurer does not specifically request the latter. Section 102 makes explicit provision for computing the period of time within which the insurer must discharge its liability under the policy where a notice of loss becomes substituted for a properly executed proof of loss:

If, after receiving such written notice, the company does not forthwith make a written request for the sworn statement, the periods of time within which the com-

pany shall, as provided in such policy, pay the amount for which it is liable ... shall be computed from the time when the company receives such written notice.

The policy provides that if the insured's claim for an agreed amount remains unpaid thirty days after the date of receipt of a proof of loss the insurer shall be liable for interest. It, therefore, follows that MPIUA's obligation to pay interest on the $30,880 commenced thirty days after February 25, 1974, the date on which it received the notice of loss.

The order of the district court is *affirmed* in all respects except as to interest which is modified to provide for interest beginning thirty days after February 25, 1974. *Remanded.*

Costs to appellees.