Gants, J.
In May 1996, the plaintiff, Theodore C. Anthony, Jr. (“Anthony”), returned from vacation to find that his home had been severely damaged by fire. His Homeowner’s Policy (“the Policy”), issued by the defendant Arnica Mutual Insurance Company (“Arnica”), covered the loss, but Anthony and Arnica strongly disagreed as to the amount of the loss: Arnica paid Anthony a total of $144,853.07 on his insurance claim, but Anthony contends that he is due much more. In March 1998, Anthony filed suit against Arnica, alleging breach of contract and violation of G.L.c. 93A and c. 176D for Arnica’s purported failure to provide a fair settlement offer. Arnica now moves for summary judgment. After hearing, for the reasons detailed below, Arnica’s motion for summary judgment is DENIED.
DISCUSSION
Under G.L.c. 175, §99, an insurance company issuing fire insurance policies in the Commonwealth of Massachusetts must use the standard form of policy set forth in that statute. The standard form policy provides:
In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men and the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss . . .
G.L.c. 175, §99. While some provisions of the standard form policy may be added or amended by an insurance company, no addition or modification may be made “relative to a reference of the amount of a loss to three referees . . .” G.L.c. 175, §99.
Arnica, a Rhode Island insurance company that issues many policies in Massachusetts, violated this statute by issuing a Policy to its Massachusetts insureds that failed to contain the required standard form provision concerning reference. In its place, Arnica substituted a provision entitled “Appraisal," which read as follows:
If you and we fail to agree on the amount of loss, we shall, upon receipt of your written request to do so, refer this matter to a three member board of referees. They are selected and must act according to the procedures set by the law. Their decision will be binding. This board does not make decisions about matters of coverage or fault.
Policy, Special Provisions — Massachusetts, Section 6. Nothing in the Arnica Policy spoke of reference being a condition precedent to the bringing of a law suit regarding a dispute as to the amount of loss. Rather, the only language related to filing suit was found in the section entitled, “Suit against Us,” *257 whichprovided, “No action can be brought unless the policy provisions have been complied with and the action is started within two years after the date loss or damage occurs.” Policy, Special Provisions — Massachusetts, Section 8.
Since Arnica was required by statute to include the reference provision in its Policy, Arnica takes the position that the reference provision in G.L.c. 175, §99 is incorporated in its Policy and that it is entitled to summary judgment because there is no dispute that Anthony never brought this matter to reference. This Court agrees that the reference provision in G.L.c. 175, §99 is incorporated in the Arnica Policy, because that statute mandates its inclusion without modification. However, the acknowledgment that the Policy must be interpreted to contain this provision does not necessarily lead to summary judgment. It has long been recognized that an insurance company may waive or excuse its right of reference as a condition precedent to a law suit, and that waiver or excuse may be inferred from the conduct of the insurer’s agents or representatives. Molea v. Aetna Insurance Co., 326 Mass. 542, 547 (1950).
Anthony provides two grounds for finding waiver by Arnica. First, he focuses on the language of the Policy regarding reference that Arnica decided to substitute for the mandated language in the statute. He notes that a reasonable interpretation of the substituted language grants to the insured the option of resolving a dispute as to loss through reference or through litigation, effectively waiving any right that Arnica may have had to resolve the dispute solely through reference. I agree that the language of this substituted provision, viewed in the context of other provisions in the Policy, reasonably permits this interpretation and, therefore, reasonably permits a finding of waiver by Arnica.
The language chosen by Arnica in Section 6 — Appraisal — provides, “If you and we fail to agree on the amount of loss, we shall, upon receipt of your written request to do so, refer this matter to a three member board of referees.” This sentence effectively declares that, if the insured requests that the dispute be referred to a three member board of referees, Arnica will make that referral. The sentence does not declare that Arnica will insist upon reference as the sole means of resolving a dispute pressed by its insured, implicitly allowing the insured the option of resolving the dispute in court. Nor does it state that reference must be completed before the insured may file suit. Indeed, the only precondition the Policy establishes for bringing an action against Arnica is that the policy provisions are complied with and the action comme ices within two years of the loss or damage. By failing to tell its policyholders anywhere in its Policy that they must first exhaust reference before bringing an action against Arnica in court, Arnica can be found to have waived any right to reference as a precondition to such an action.
This interpretation of the Policy may be influenced by the long established principle that ambiguities in an insurance policy are to be construed against the insurer who wrote the policy. See, e.g., Palmer v. Pawtucket Mutual Insurance Co., 352 Mass. 304, 306 (1967). It may also be influenced by the context in which this language was written. For unknown reasons, Arnica failed to adopt the reference provision in G.L.c. 175, §99 that made it plain that reference is the only forum in which to resolve disputes as to the amount of loss and that reference is a precondition to a law suit. Rather, Arnica violated the law and wrote its own provision that permitted its policyholders reasonably to believe that they could choose their forum for such disputes and that a court of law was one of those forums. Arnica properly may be held accountable for the foreseeable consequences of its own conduct.
Anthony also contends that Arnica has waived its right to reference by waiting for roughly a year after this suit was filed, until discoveiy had closed, to move to dismiss this case for failure to satisfy the condition precedent of reference. The right to reference, like the right to arbitration, may be found to have been waived by the failure properly and timely to assert the right. See Home Gas Corp. of Massachusetts, Inc. v. Walter’s of Hadley, Inc., 403 Mass. 772, 774-76 (1989) and cases cited. Here, although Arnica relies solely on legal grounds for its motion, all of which it had identified by March 1998, when this case was filed, it chose to wait until March 1999, after all discovery had been completed, before moving for summary judgment. A fact finder reasonably may find that this delay, which has yet to be adequately explained even after hearing on this motion, constitutes, either by itself or in conjunction with the language of the Policy, a waiver of Arnica’s right to reference.[1]
ORDER
For the reasons stated above, Arnica’s motion for summary judgment is DENIED.

 While waiver is generally an issue of fact, Moran v. Phoenix Insurance Co., 7 Mass.App.Ct. 822, 825 (1979), it should be noted that Arnica itself has recognized that the contractual language in its Policy speaks for itself and need not be interpreted by any witness. In the deposition of the Arnica adjuster, Anthony’s attorney asked him to interpret the critical language in the Policy regarding “Appraisal.” Arnica’s attorney instructed him not to answer on the grounds that the document speaks for itself and that legal conclusions were being sought. Therefore, Arnica cannot claim that it needed discovery in order to resolve issues of fact regarding waiver.